557 So.2d 582 (1989)
Lester A. FIRKEY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0086.
District Court of Appeal of Florida, Fourth District.
July 19, 1989.
On Rehearing February 14, 1990.
Second Rehearing Denied March 28, 1990.
*583 Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Carolyn V. McCann, (on the brief) and James J. Carney, Asst. Attys. Gen., West Palm Beach, for appellee.
LETTS, Judge.
Found guilty of sexual battery on a child under the age of eleven and of engaging in a sexual performance (he videotaped the encounter), the defendant appeals claiming no penetration and no performance in front of an audience. We affirm.
The victim's testimony clearly established a sexual battery predicated on a union with the defendant's penis. However, the charge sub judice was sexual battery with a finger, under section 794.011(1)(h), Florida Statutes (1987), which requires penetration of the vagina or anus. The defendant concedes finger contact with the vaginal folds. However, as proof that there was no actual penetration, the defense cites the testimony of the victim herself:
A. Around my vagina and around my privates and then he would go in them but he wouldn't get his finger inside my vagina, he just went right in the crack and just rubbed on it.
Q. Do you know whether or not he put his finger in your vagina?
A. No.
We have read and reread this excerpt from the victim's testimony, which was never further enlarged upon in cross-examination or on redirect and we cannot conclude that it unequivocally establishes lack of penetration, such as would support a judgment of acquittal as a matter of law.
*584 The defendant also claims that a lack of penetration is conclusively established from the tape he made of the encounter. We have viewed it and find it likewise inconclusive.
The jury heard the evidence and viewed the tape. It found the defendant guilty as charged, a result which we leave undisturbed, deeming it to involve questions of fact. See Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Stone v. State, 547 So.2d 657 (Fla. 2d DCA 1989).
The defendant also urges us to reverse his conviction for having a child engage in a sexual performance in contravention of section 827.071, Florida Statutes (1987), because the videotape had never been exhibited before an audience as required by section 827.071(1)(b) which states:
(b) "Performance" means any play, motion picture, photograph, or dance or any other visual representation exhibited before an audience.
Conceding that the quoted statutory language might be ambiguous, we choose to interpret it to mean that the making of such a motion picture is in and of itself sufficient when any of the participants is unaware of what is going on. Obviously, the recording is made with the intention of being replayed; otherwise, the taping has no purpose. Whoever witnesses the replay constitutes an audience. See State v. George, 717 S.W.2d 857 (Mo. App. 1986). The natural mother constituted an audience when she accidently played the tape and viewed the performance which led her to call the police. It is obvious that the child, albeit unwittingly, was induced to become a participant in a sexual performance and we are confident that the legislature did not intend that the creator of such a motion picture, complete with sound, should escape prosecution because he had not, as yet, had time to exhibit his vile handiwork.
Finally, the state concedes that the defendant is entitled to a guidelines scoresheet for his non-capital convictions. See Disinger v. State, 526 So.2d 213 (Fla. 5th DCA 1988). We, therefore, remand for resentencing.
We find no other reversible error.
AFFIRMED EXCEPT AS OTHERWISE DIRECTED.
ANSTEAD and GARRETT, JJ., concur.

ON REHEARING
GARRETT, Judge.
We grant appellant's motion for rehearing, and amend our previous opinion, as to the charge of sexual battery on a child under the age of eleven. We deny appellant's motion for rehearing as to the previously affirmed convictions for unnatural and lascivious acts and engaging in a sexual performance.
Appellant was convicted of Count II of the information which charged a capital sexual battery[1] by "the penetration of the vaginal folds of the (victim) by the fingers of (appellant)."
We doubt whether the information as worded charged any recognized sexual battery crime. "Vaginal folds" is not the medical term. We assume the state meant the labia majora or the labia minora[2] when wording the information. Neither the labia *585 majora nor the labia minora are part of the vagina.[3] A sexual battery by an object other than a sexual organ occurs only if the victim's vagina is penetrated.
As Judge Letts wrote in our original July 19, 1989 opinion:
The [nine year old] victim's testimony clearly established a sexual battery predicated on a union with the defendant's penis... . The defendant concedes finger contact with the vaginal folds. However, as proof that there was no actual penetration, the defense cites the testimony of the victim herself:
A. Around my vagina and around my privates and then he would go in them but he wouldn't get his finger inside my vagina, he just went right in the crack and just rubbed on it.
Q. Do you know whether or not he put his finger in your vagina?
A. No.
(emphasis added).
However, proof of mere "union with" the victim's vagina was insufficient because the state alleged penetration with fingers. § 794.011(1)(h), Fla. Stat. (1987). Our sister court held in Wallis v. State, 548 So.2d 808, 810 (Fla. 5th DCA 1989):
As distinguished from the "union" of the defendant's sex organ with the victim's vagina or the "penetration" of the victim's vagina "by" the defendant's hand, finger, or any other object the mere "union" of the defendant's hand or finger "with" the victim's vagina does not violate the statute, although that act may violate other statutes... .
Before October 1, 1974, the crime of rape occurred when a person ravished or carnally knew a child under the age of eleven. Although the statute required penetration, the word "vagina" was not mentioned. § 794.01, Fla. Stat. (1973). "Penetration of the female private parts by the private male organ" constituted a type of rape. Askew v. State, 118 So.2d 219 (Fla. 1960). We do not dispute that the term "female private parts" includes the labia majora and labia minora, but nevertheless, a finger penetration of the female private parts could not have been rape.
Effective October 1, 1974, the crimes against nature[4] and rape statutes were repealed to create the crime of sexual battery. The legislature kept the "private parts" concept of rape by specifying that sexual battery occurs upon "vaginal penetration by, or a union with, the sexual organ of another." The phrase "union with" continues the concept that any penetration by a male's private organ of any part of a female's private parts also constitutes a crime.[5] "Union with" is an alternative to vaginal penetration. Dorch v. State, 458 So.2d 357 (Fla. 1st DCA 1984). The legislature did not include "union with" as a way to commit sexual battery when "any other object" than a sexual organ causes penetration. The legislature also specified that the vagina must be penetrated when the sexual battery involves "any other object" than a sexual organ of another. We note that the repeal of the crime of lewd, lascivious, indecent assault or act upon a child, section 800.04, Florida Statutes (1973), occurred at the same legislative session that enacted the sexual battery statute. We believe the legislators realized they had left the children of this state unprotected from lewd, lascivious, or indecent finger fondlings and the like which did not penetrate the vagina, so the next year, without any amendment to section 794.011(1)(h), they reenacted an amended section 800.04.[6] We find a clear expression *586 of legislative intent to exclude an indecent finger touching without vaginal penetration as a sexual battery, but to punish such an act as a lewd, lascivious or indecent assault upon a child.
The state has the burden to prove each and every essential element of a crime beyond a reasonable doubt. Penetration of the vagina is an essential element of the crime of sexual battery with an object other than a sexual organ. No expert testified as to a vaginal examination of the victim. We have reread the victim's testimony and viewed appellant's homemade video of the sexual episode a second time. We conclude the evidence is inconclusive as to whether appellant's fingers penetrated the victim's vagina. The evidence was insufficient as a matter of law to convict appellant of sexual battery. See Tibbs v. State, 397 So.2d 1120 (Fla. 1981), affirmed, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). The jury had to have guessed that vaginal penetration occurred. A jury cannot convict on evidence susceptible to speculation or conjecture.
However, section 924.34, Florida Statutes (1987), grants this court the power to direct a trial court to enter judgment for the lesser included offense when we determine the evidence does not prove the offense for which appellant was found guilty but does establish his guilt of a lesser offense necessarily included in the offense charged. Attempted sexual battery on a child under the age of eleven is a lesser necessarily included offense of the charged offense of sexual battery on a child under the age of eleven. We determine from our reading of the record and viewing of the videotape that the evidence does establish appellant's guilt as to the offense of attempted sexual battery on a child under the age of eleven.
Accordingly, we reverse appellant's conviction and sentence for sexual battery on a child under the age of eleven and direct the trial court to enter judgment for attempted sexual battery upon a child under the age of eleven. We reaffirm our holding as to appellant's convictions for unnatural and lascivious acts[7] and engaging in a sexual performance for the reasons stated in our original opinion and we remand for resentencing.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS FOR RESENTENCING.
ANSTEAD, J., concurs in part and dissents in part with opinion.
LETTS, J., dissents in part with opinion.
ANSTEAD, Judge, concurring in part and dissenting in part.
I concur in Judge Garrett's opinion with the limited exception that I believe the conviction for attempted sexual battery requires us to vacate the conviction for unnatural and lascivious act based upon the same underlying conduct.
LETTS, Judge, dissenting in part:
I would also affirm the defendant's conviction for sexual battery.
NOTES
[1] We note that the charged section is poorly worded and punctuated and should be amended. "A person 18 years of age or older who commits sexual battery upon, or injures the sexual organs of, a person less than 12 years of age in an attempt to commit sexual battery upon such person commits a capital felony... ." § 794.011(2), Fla. Stat. (1987). We respectfully suggest the section should read: A person 18 years of age or older who commits sexual battery upon, or in an attempt to commit sexual battery injures the sexual organs of, a person less than 12 years of age commits a capital felony... .
[2] Labia majora is defined as "the two folds of cellular adipose tissue lying on either side of the vaginal opening and forming the lateral borders of the vulva." Labia minora is defined as "two thin folds of integument which lie within the labia majora and enclose the vestibule... . In younger children they are entirely hidden by the labia majora." Taber's Cyclopedic Medical Dictionary 783 (14th ed. 1982).
[3] A vagina is a musculomembrane tube which forms the passageway between the cervix uteri and the vulvae. Id. at 1534.
[4] § 800.01, Fla. Stat. (1983).
[5] The Arkansas Supreme Court has held that penetration of the labia by a male sexual organ without vaginal penetration constitutes rape of a child. Hice v. State, 268 Ark. 57, 593 S.W.2d 169 (1980).
[6] Section (1) of the statute prohibits a lewd, lascivious, or indecent handling, fondling or assault that does not commit the crime of sexual battery. Finger penetration of a female's labia without penetration of her vagina would be a crime under section (1). However, section (2) which provides that a crime occurs when any person "commits an act defined as a sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; ... without committing the crime of sexual battery" would not be violated by finger penetration of the labia without vaginal penetration because such act is not statutorily defined as a sexual battery. Furlow v. State, 529 So.2d 804, 805 (Fla. 1st DCA 1988).
[7] Although the crime of unnatural and lascivious act is a lesser included offense of the crime of lewd, lascivious, or indecent assault upon a child, the latter crime is not a lesser included offense of the crime of sexual battery upon a child under the age of eleven. Walker v. State, 464 So.2d 1325 (Fla. 5th DCA 1985). The rule in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), supports the dual convictions as elements of each crime are different. Our Supreme Court decided Carawan v. State, 515 So.2d 161 (Fla. 1987), after appellant committed the crimes. Section 775.021(4), Florida Statutes (1988 Supp.), which became effective after appellant's sentencing, superseded Carawan, and reinstated the law as it existed when appellant committed the crimes.