635 So.2d 16 (1994)
Thomas F. WILSON, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 82187.
Supreme Court of Florida.
April 14, 1994.
Nancy A. Daniels, Public Defender, and David P. Gauldin, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief Crim. Appeals, Sr. Asst. Atty. Gen. and Joe S. Garwood, Asst. Atty. Gen., Tallahassee, for respondent.
GRIMES, Justice.
We review Wilson v. State, 622 So.2d 31 (Fla. 1st DCA 1993), in which the court certified the following as a question of great public importance:
WHERE THE VICTIMS TESTIFY THAT THE DEFENDANT COMPLETED THE CHARGED OFFENSES OF CAPITAL SEXUAL BATTERY OF A VICTIM UNDER 12 AND LEWD AND LASCIVIOUS ASSAULT, AND THE DEFENDANT TOTALLY DENIES COMMISSION OF ANY OFFENSE, IS A TRIAL COURT REQUIRED TO INSTRUCT A JURY ON ATTEMPT IF REQUESTED TO DO SO BY THE DEFENDANT?
*17 Id. at 37. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
We answer the certified question in the negative. Florida Rule of Criminal Procedure 3.510 specifies that the jury shall not be instructed upon attempt "if there is no evidence to support such attempt and the only evidence proves the completed offense." The court below properly explained that attempts are to be treated as category two lesser included offenses. We disapprove Firkey v. State, 557 So.2d 582 (Fla. 4th DCA 1989), review denied, 574 So.2d 140 (Fla. 1990), to the extent that it stated, albeit in another context, that an attempt was a necessarily lesser included offense. We do not address the other questions raised by Wilson.
We approve the decision below.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.