PER CURIAM.
Defendant appeals his convictions for capital sexual battery and indecent assault. We affirm.
Defendant first argues that the trial court erred in admitting a remark he made to one of his sisters when he was confronted by his mother about his sexual behavior. The remark, which neither admitted any crimes nor shed any relevance on any crimes, was admitted as similar fact evidence under Williams v. State, 110 So.2d 654 (Fla.1959). Although this remark was not admissible under Williams, it was nothing more than a sarcastic remark, and harmless, particularly in light of the overwhelming evidence of defendant’s sexual crimes with this victim as well as others.
Defendant also argues that the trial court erroneously denied his request for an instruction on the lesser included offense of attempted sexual battery, relying on Firkey v. State, 557 So.2d 582 (Fla. 4th DCA 1989), rev. denied, 574 So.2d 140 (Fla.1990).
In Wilson v. State, 635 So.2d 16 (Fla.1994), the Florida Supreme Court had before it the following certified question:
WHERE THE VICTIMS TESTIFY THAT THE DEFENDANT COMPLETED THE CHARGED OFFENSES OF CAPITAL SEXUAL BATTERY OF A VICTIM UNDER 12 AND LEWD AND LASCIVIOUS ASSAULT, AND THE DEFENDANT TOTALLY DENIES COMMISSION OF ANY OFFENSE, IS A TRIAL COURT REQUIRED TO INSTRUCT A JURY ON ATTEMPT IF REQUESTED TO DO SO BY THE DEFENDANT?
The court answered the question in the negative, citing Florida Rule of Criminal Procedure 3.510, which says that the jury shall not be instructed on attempt “if there is not evidence to support such attempt and the only evidence proves the completed offense.” The court also disapproved any language in *595 Firkey which could have been interpreted to the contrary.
In the present case, as in Wilson, there was no evidence of attempted offenses. The only evidence was of completed offenses, and the defendant denied committing them. The trial court did not therefore err in refusing to instruct on attempt.
Affirmed.
ANSTEAD, KLEIN and STEVENSON, JJ., concur.