STONE, Judge.
We affirm Appellant’s conviction and sentence for sexual battery on a child under the age of 12.
The record reflects sufficient evidence to support the trial court’s denial of Appellant’s motion for judgment of acquittal. In a sexual battery case, involving commission by an object other than a sexual organ, only the slightest evidence of penetration need be shown. J.W.C. v. State, 573 So.2d 1064 (Fla. 5th DCA 1991). Here, although the child’s testimony was to some extent confused and conflicting, the eight-year-old victim testified that Appellant touched her on the “inside” of her vagina. The state also presented expert testimony that abnormal tears in the victim’s hymen membrane were not likely to be self-inflicted, indicating digital molestation.
The trial court also did not err in rejecting a requested instruction, which would have added that evidence of “mere union” of an object other than a sexual organ with the vagina is insufficient to prove the essential element of penetration, a correct statement of the law. Instead, the trial court gave the following standard jury instruction as to section 794.011(2), Florida Statutes:
Before you can find the Defendant guilty of sexual battery upon a person less than twelve years of age, the State must prove the following two elements beyond a reasonable doubt:
1. [The child] was less than twelve years of age.
2. JAMES WIDNER committed an act upon [the child] in which the vagina of [the child] was penetrated by an object, the Defendant’s finger(s).
Relying on testimony which he claims would support a conclusion that there was no penetration, Appellant argues that the more specific requested instruction was necessary, and the court’s failure to give it is reversible error. See State v. Jones, 377 So.2d 1163 (Fla.1979) (fundamental error found where trial court completely failed to give any instruction on the elements of the underlying felony).
Appellant relies on Firkey v. State, 557 So.2d 582 (Fla. 4th DCA 1989), rev. denied, 574 So.2d 140 (Fla.1990), wherein this court held as follows:
The legislature did not include “union with” as a way to commit sexual battery when “any other object” than a sexual organ causes penetration. The legislature also specified that the vagina must be penetrated when the sexual battery involves “any other object” than a sexual organ of another.... We find a clear expression of legislative intent to exclude an indecent finger touching without vaginal penetration as a sexual battery, but to punish such an act as a lewd, lascivious or indecent assault upon a child.
Id. at 586.
Appellant argues that Firkey establishes that a proper defense to this charge would be “evidence of a mere union with a victim’s vagina is insufficient to prove penetration.” However, we need not re-address the definition of what constitutes a penetration, as determined in Firkey[1] That *260 case did not involve an issue of jury instruction, but rather the issue of sufficiency of the evidence. Here, we have sufficient evidence to state a prima facie case.
We conclude that the instruction given sufficiently advised the jury that they must find penetration as an element of the offense charged. There is no indication of juror confusion concerning the instruction. See Darty v. State, 161 So.2d 864 (Fla. 2d DCA), cert. denied, 168 So.2d 147 (Fla.1964) (a judgment will not be reversed for failure to give a particular charge where, on the whole, the charges as given are clear, comprehensive and correct). Therefore, we affirm.
DELL, C.J., and RAMIREZ, JUAN, Jr., Associate Judge, concur.

. The author of this opinion has serious reservations about the restrictive definition of "vagina” adopted in that opinion.