CAMPBELL, Acting Chief Judge.
Appellant challenges his conviction for capital sexual battery and committing a lewd and lascivious act. We reverse appellant’s conviction for capital sexual battery and remand for a new trial because the court committed reversible error in failing to give an instruction on attempted capital sexual battery.
The charges arose when appellant’s adopted daughter began recalling incidents of appellant’s sexual abuse of her many years after the abuse had occurred. She testified on the stand about three such incidents. In neither of the first two incidents did she recall facts that would support a sexual battery conviction. However, her testimony about the third incident, due to its equivocal *1083 nature, would have supported either a capital sexual battery conviction or an attempted capital sexual battery conviction. Her testimony was as follows:
Q. And exactly what do you remember about that?
A. He was on top of me. I don’t know if he had any clothes on. I don’t think he had pants on. And he was telling me it was going to be okay.
Q. Do you recall if you had clothes on?
A. I don’t think so, no.
Q. Okay. And do you recall what he was doing on top of you?
A. He was trying to penetrate me.
Q. And how was he trying to penetrate you?
A. He was trying to stick his penis in my vagina.
Q. How do you know he was doing that?
A. Because it hurt.
Q. And how can you remember that if you can’t remember if you had clothes on or not?
A. Because I can feel it.
Q. I’m sorry?
A. Because I can feel it.
Q. And can you tell us what you felt at that time?
A. I was scared.
Q. And what were you scared about?
A. I was scared of him.
Q. And do you know if he was able to penetrate you at that time?
A. No.
In instructing the jury, the court gave the capital sexual battery instruction, but denied appellant’s request to give an instruction on attempted capital sexual battery.
Under section 794.011(l)(h), “sexual battery” means oral, anal, or vaginal penetration by or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object.
It is not clear here whether appellant’s actions amounted to actual “penetration or union with” the daughter’s sexual organ, or were more properly classified as attempted “penetration or union with” the daughter’s sexual organ.
Since the evidence would support both instructions, and since attempted capital sexual battery is a categoiy two, lesser included offense of capital sexual battery, the attempt instruction should have been given. Wilson v. State, 635 So.2d 16 (Fla.1994); Amado v. State, 585 So.2d 282 (Fla.1991).
Accordingly, we reverse appellant’s capital sexual battery conviction and remand for a new trial. We observe for purposes of the new trial that the court did not err in allowing evidence of appellant’s alleged previous sexual encounters with his nieces and daughter. See Heuring v. State, 513 So.2d 122 (Fla.1987).
LAZZARA and QUINCE, JJ., concur.