DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GARY FLORES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-1837

[July 24, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael C. Heisey, Judge; L.T. Case No. 562020CF002457A.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Following a jury trial, Appellant Gary Flores appeals his convictions and sentences for one count of sexual battery on a child under twelve years of age and one count of lewd or lascivious molestation of a victim under twelve years of age. Although Appellant raises two issues on appeal, we find merit only in his claim that the trial court fundamentally erred by instructing the jury on the law of sexual battery based on an incorrect statutory year. Specifically, Appellant claims the instruction used a more expansive definition of sexual battery—enacted after the charged offenses were committed—that affected a disputed element, i.e., penetration. We agree and reverse only the conviction on count one for sexual battery on a child under twelve years of age and remand the case for a new trial on this count. We affirm the conviction on count two for lewd or lascivious molestation without comment.

**Background**

In count one of the Information, the State charged that Appellant "did on one or more occasion . . . commit sexual battery upon, or in an attempt

to commit sexual battery did injure the sexual organs of, [the victim], a person then less than 12 years of age, in violation of Florida Statute 794.011(2)." The charged crime allegedly occurred "[o]n or between February 28, 2019 and March 31, 2020."

At trial, testimony established that, when the victim visited the apartment belonging to her sister and Appellant, Appellant touched the victim on multiple occasions while her sister was not at home and on a separate occasion inside a car. During the incidents, the victim was nine and ten years of age.

The victim described Appellant touching her with his fingers underneath her underwear on her "private spots," which she described as the front where she pees. The victim did not remember whether Appellant's hand or finger went inside of her. After the State refreshed her recollection with her deposition, the victim testified that Appellant's fingers went inside her private area.

The victim also testified that Appellant's mouth touched the front part of her butt and that she felt his skin against her skin. Initially, the victim did not remember if his tongue went inside of her private spot. The State refreshed her recollection with her deposition, and the victim testified that his tongue did not go inside her private area. The State further questioned the victim because this trial testimony differed from her deposition, and the victim then answered yes to Appellant's tongue going inside of her.

Throughout her testimony, the victim referred to certain anatomy touched by Appellant as the "top" or "front part of her butt." The victim explained that Appellant touched her inside the front part of her butt, which is where she uses the bathroom at the top of her vagina. On cross-examination, the victim agreed that Appellant's fingers and tongue never went inside the hole at the bottom of her vagina.

Evidence established that the victim eventually sent text messages to her sister about what Appellant had done. The victim's family confronted Appellant, who initially denied the allegations but later admitted that everything in the text messages was true without ever reading the messages. About two months later, the sister, together with the police, placed a controlled call to Appellant during which he admitted to touching the victim's parts, including one time under her clothes, on her bottom part, on her front, and through her shorts and underwear.

Before closing arguments, the parties discussed the State-prepared jury instructions with the trial court. As to the crime of sexual battery

2

upon a person less than twelve years of age, Appellant objected to the use of all definitions with the statute, which included the definition of penetration and female genitals. The trial court overruled Appellant's objection.

Central to this appeal, the jury instructions on count one used the version of the sexual battery statute enacted in 2022, which expanded sexual battery from vaginal penetration to female genital penetration. The instructions stated:

> To prove the crime of Sexual Battery upon a Person Less Than 12 Years of Age, the State must prove the following three elements beyond a reasonable doubt:
>
> 1. Gary Flores committed an act upon [the victim] in which the **female genitals** of [the victim] were penetrated by an object.
> 2. At the time, [the victim] was less than 12 years of age.
> 3. At the time, Gary Flores was 18 years of age or older.
>
> Penetration means entry into the relevant part, however slight.
>
> Ignorance of [the victim's] age, [the victim's] misrepresentation of her age, or the defendant's bona fide belief of [the victim's] age is not a defense to the crime charged.
>
> "Bona fide" means genuine.
>
> "An object" includes a finger.
>
> "**Female genitals**" includes the labia minora, labia majora, clitoris, vulva, hymen, and vagina.
>
> Consent of [the victim] is not a defense to the crime charged.

(emphasis added).

During closing argument, the State argued the victim's testimony that Appellant's finger went inside her vagina at the top part, but not at the hole of the lower part of her vagina, was enough to satisfy entry. Appellant objected, arguing that penetration must be to the vaginal canal based on *Firkey v. State*, 557 So. 2d 582 (Fla. 4th DCA 1989). The State countered that any amount of penetration to the female genitals constituted

3

penetration and that it was not proceeding on a theory of union. The trial court overruled Appellant's objection, stating in part that it was the jury's job to decide what the vagina is.

The jury returned a guilty verdict as to count one of sexual battery and count two of lewd or lascivious molestation.[1] The trial court sentenced Appellant to life in prison on both counts. On appeal, Appellant argues for the first time that the trial court erred because it instructed the jury on the law of sexual battery based on the 2022 amendments to section 794.011(1), Florida Statutes (2023), instead of the definition of sexual battery in effect at the time of his crime.

## Statutory Change

When the crimes charged in the present case allegedly occurred, section 794.011(1)(h) defined "sexual battery" as "oral, anal or **vaginal penetration** by, or union with, the sexual organ of another or the anal or **vaginal penetration** of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose." § 794.011(1)(h), Fla. Stat. (2019) (emphasis added). Under this version of the statute, district courts conflicted on the meaning of vagina because the statute did not define the word. *Compare Richards v. State*, 738 So. 2d 415, 419 (Fla. 2d DCA 1999) (finding vagina under the sexual battery statute as narrowly defined to the vaginal canal) and *Firkey*, 557 So. 2d at 584-86 (on reh'g), *disapproved on other grounds by Wilson v. State*, 635 So. 2d 16 (Fla. 1994), *with Palumbo v. State*, 52 So. 3d 834, 834 (Fla. 5th DCA 2011) (finding vagina included the entire female private area).

However, in 2022, the legislature amended the definition of "sexual battery" under section 794.011, replacing the term "**vaginal penetration**" with "**female genital penetration**." *Compare* § 794.011(1)(h), Fla. Stat. (2019), *with* § 794.011(1)(j), Fla. Stat. (2023); *see also* Ch. 22-165, § 4, Laws of Fla. The amended statute also defined "female genitals" to include "the labia minora, labia majora, clitoris, vulva, hymen, and vagina." § 794.011(1)(b), Fla. Stat. (2023).

Here, the trial court instructed the jury based on the amended statute defining sexual battery as female genital penetration and defining female genitals as encompassing all female genital parts. However, Appellant was charged with committing sexual battery "[o]n or between February 28, 2019 and March 31, 2020." Consequently, the jury should have been

---

[1] The jury returned a verdict of not guilty as to an additional count of lewd or lascivious molestation.

instructed on the law in effect at the time of the crime, constraining sexual battery to vaginal penetration. *See* § 794.011(1)(h), Fla. Stat. (2019); *Allen v. State,* 324 So. 3d 920, 925 n.5 (Fla. 2021) ("[I]t is firmly established law that the statutes in effect at the time of commission of a crime control as to the offenses for which the perpetrator can be convicted, as well as the punishments which may be imposed.") (quoting *State v. Smith,* 547 So. 2d 613, 616 (Fla. 1989)). The State acknowledges on appeal that the statutory change was substantive, and that the prior version of the statute applied at the time Appellant was charged. *See* § 775.022(3), Fla. Stat. (2019); *Macchione v. State,* 123 So. 3d 114, 116-20 (Fla. 5th DCA 2013) (discussing that substantive changes are applied prospectively to prevent ex post facto violations).

"Jury instructions are 'subject to the contemporaneous objection rule, and absent an objection at trial, can be raised on appeal only if fundamental error occurred.'" *State v. Weaver,* 957 So. 2d 586, 588 (Fla. 2007) (quoting *Reed v. State,* 837 So. 2d 366, 370 (Fla. 2002)). At trial, Appellant did not specifically object to the jury instruction on grounds that it was fashioned based on an incorrect statutory year. Accordingly, our review is relegated to fundamental error.

## Fundamental Error

"To constitute fundamental error, 'the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" *Polls v. State,* 134 So. 3d 1068, 1070 (Fla. 4th DCA 2013) (quoting *State v. Delva,* 575 So. 2d 643, 644-45 (Fla. 1991)). "A proper approach to fundamental error considers the instructions as a whole, in the context of the case that was tried; a proper approach does not nitpick at the instructions to manufacture a fundamental error that was overlooked by all the participants at trial." *Id.* (quoting *Garzon v. State,* 939 So. 2d 278, 285 (Fla. 4th DCA 2006)). Fundamental error occurs where a jury instruction incorrectly defines a disputed element thereby reducing the state's burden of proof. *Id.* (quoting *Kennedy v. State,* 59 So. 3d 376, 381 (Fla. 4th DCA 2011)).

In this case, the record demonstrates that the essential element of what part of the victim's anatomy Appellant penetrated—or did not penetrate—was in dispute. The victim, only thirteen years old at the time of trial, referred to Appellant touching various places, including her private spots, the front part of her butt, and the top of her vagina. She initially did not remember if his fingers or tongue went inside of her until her recollection was refreshed. However, the victim also testified that Appellant's finger

and tongue never went "in the hole at the bottom of her vagina." While Appellant's controlled call included admissions of touching, no statements from Appellant established penetration, and Appellant argued in closing that the victim's testimony established that she was not penetrated in the hole of her vagina by finger or tongue.

The use of the incorrect jury instruction expanded the definition of "vaginal penetration" to "female genital penetration" and permitted the jury to convict Appellant if the jury found that Appellant penetrated the victim's female genitals as defined in the instruction. However, under the version of the statute in effect at the time of Appellant's offense, penetration of the "vagina" was limited to the passageway between the cervix uteri and the vulvae. *Firkey*, 557 So. 2d at 585 n.3. With the omission of vaginal penetration, the State did not have to prove that Appellant specifically penetrated the vagina. Instead, the State only had to prove that Appellant penetrated any part of the victim's genitals. Accordingly, the use of the incorrect jury instruction with female genital penetration expanded the definition of vagina and reduced the State's burden of proof of a contested essential element. This is fundamental error.

The State contends the error is not fundamental because the legislature did not change the portion of the statute defining sexual battery as oral union with the sexual organ of another, the State had charged the defendant here with sexual battery generally, and the victim testified union had occurred with Appellant's mouth and her front private spot. *Compare* § 794.011(1)(h), Fla. Stat. (2019), *with* § 794.011(1)(j), Fla. Stat. (2023); *see also* Ch. 22-165, § 4, Laws of Fla.

We must reject the State's argument. The State argued to the jury that it had to prove Appellant committed an act on the victim in which only her female genitals were penetrated. For reasons not made clear in the record, the State announced to the court it was not proceeding on a theory of "union with." Thus, the jury was never instructed that sexual battery could also mean oral union with the sexual organ of another.

When considering fundamental error and the lack of an objection, we also consider whether Appellant's counsel strategically chose to object only to the definitions included in the jury instructions instead of objecting to the instruction's basis on an incorrect statutory year. A tactical decision to stand mute regarding an erroneous instruction will not support fundamental error. *See Knight v. State*, 267 So. 3d 38, 46-48 (Fla. 1st DCA 2018), *aff'd on other grounds*, 286 So. 3d 147, 151 (Fla. 2019) (holding that on the totality of the circumstances of the case, fundamental error in the unobjected jury instruction was waived where the erroneous instruction

had the legal effect of benefitting the defendant, the instruction was declared erroneous several years before trial, and experienced counsel had no objections and was actively involved in revising the instructions).

While we make no finding from the record that such tactic occurred in the trial below, nor does the State argue that Appellant's failure to object was tactical, we caution that parties will not be rewarded for standing mute and permitting an erroneous instruction to go to the jury because of counsel's tactical inaction. *See Joyner v. State*, 41 So. 3d 306, 307 (Fla. 1st DCA 2010) ("Encouraging counsel to invite such error subverts the trial process and is counter to the interests of justice."); *Knight*, 267 So. 3d at 47 ("To protect against tactical manipulation of the legal system, we cannot take an overly narrow view of what constitutes a waiver of a fundamentally erroneous jury instruction.").

A tripartite duty exists within the judicial system to ensure a defendant receives due process within the framework of a fair trial. Regrettably, the State, defense counsel, and the trial court did not meet their responsibility in this regard. The State injected fundamental error into the trial by requesting a jury instruction it either knew or should have known was based on the incorrect version of the statute, and one that was inapplicable when the offenses allegedly occurred. This obvious error was then compounded by the ineffective assistance of defense counsel, whose failure to object to this clearly erroneous instruction allowed the jury to be charged under a less stringent standard than what should have been applied. Finally, the trial court had the ultimate responsibility as the backstop to ensure the correct jury instruction was given—even in the face of the State's submission of the erroneous instruction and defense counsel's failure to object. This lack of due attention by all these participants will now require a new trial, which was entirely preventable.

Therefore, given that the jury instruction lessened the burden of proof as to a disputed element of the crime, the jury was left to convict Appellant based on conduct less than that required by the crime of sexual battery at the time of Appellant's conduct. This is fundamental error. For the foregoing reasons, we reverse and remand for a new trial as to count one, and we affirm Appellant's conviction on count two.

*Affirmed in part, reversed in part, and remanded for a new trial as to Count I.*

KLINGENSMITH, C.J., GROSS and FORST, JJ., concur.

*       *       *

7

*Not final until disposition of timely filed motion for rehearing.*