458 So.2d 357 (1984)
Norvel Lee DORCH, Appellant,
v.
STATE of Florida, Appellee.
No. AX-254.
District Court of Appeal of Florida, First District.
October 18, 1984.
Rehearing Denied November 28, 1984.
Paul L. Cummings, Pensacola, for appellant.
Jim Smith, Atty. Gen., Thomas H. Bateman, III, Asst. Atty. Gen., Tallahassee, for appellee.
MILLS, Judge.
Norvel Lee Dorch appeals from an order denying his motion for a new trial following his conviction of sexual battery, Section 794.011(2), Florida Statutes, and lewd, lascivious, or indecent assault or act upon or in the presence of a child, Section 800.04, Florida Statutes. We affirm.
On 1 July 1983, Dorch had been left in charge of two young girls, C.G. (age 6, the victim) and A.B. (age 7). Dorch, the live-in boyfriend of A.B.'s mother, was watching the children while A.B.'s mother worked. C.G., A.B.'s neighborhood friend, had spent the night with her. The two girls occupied one bedroom and Dorch another. Dorch, nude, went into the bedroom where C.G. and A.B. slept. He had the girls return with him to his bedroom, then remove their clothes. He then rubbed vaseline between the girls' legs and on himself. He referred to the vaseline as "love jelly" or "love cream." Then as Dorch lay on his back, he had the girls sit on top of him "in the middle" where they could feel his penis. Additionally, C.G. testified that Dorch took her hand and made her "go up and down on his thing." Dorch also had both girls put their mouths on his penis and he kissed C.G. between her legs.
Dorch proceeded to trial on 22 November 1983. During jury deliberations, the jury posed two questions to the trial judge. At *358 issue is the second by which the jury requested a definition of "union" within the context of Section 794.011(1)(f), Florida Statutes, which states:
(f) "Sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery shall not include acts done for bona fide medical purposes.
The trial judge defined "union" to the jury as:
... an alternative to penetration. The offense charged against Mr. Dorch is that of sexual battery by penetrating or having union with the mouth or vagina of [C.G.] with his sexual organ. Union is included within the definition of sexual battery as an alternative to penetration because the coming in contact with the mouth or vagina by the sexual organ of an aggressor is sufficient and does not require penetration.
Union means an act or instance of uniting or joining two or more separate and independent parts or unit, a coming together, combination or a junction.
It is not charged this Defendant orally had union with the sexual organ of [C.G.]. It is charged that by his sexual organ he had penetration or union with the sexual organ of [C.G.]. That is the charge and the only charge you may consider. Union is an alternative to penetration under this Statute, and includes a coming in contact with, a combination with, and does not require penetration.
Dorch now asserts two points of error. First, he urges that the trial court erred by providing any additional instruction as to the meaning of the word "union" outside of the statute itself, inasmuch as this should be left to the common sense interpretation of the jury. He argues that Section 794.011 sets forth definitions of those terms the Legislature felt might need or require specific definitions. We disagree. The Florida Supreme Court has said, "Trial judges must have the discretionary power to further explain or define their instructions if the jury is confused or desires further guidance," Campbell v. State, 306 So.2d 482, at 483 (Fla. 1975).
Dorch then asserts that the definition given was misleading inasmuch as it suggested that a mere "touching" or "coming in contact with" was sufficient to meet the requirements of the statute. He argues that this interpretation is inconsistent with legislative intent and would open the door to convictions for acts falling far short of those contemplated by the Legislature. We disagree. We agree with the trial court that the statute may be violated by means other than penetration.
An analysis of the statute reveals that three distinct classes of behavior are specifically proscribed: firstly, oral, anal, or vaginal penetration by the sexual organ of another; secondly, oral or vaginal penetration of another by any other object; thirdly, and the class to which Dorch's acts attach, oral, anal, or vaginal union with the sexual organ of another.
In this context it is clear that the Legislature intended that "union" mean something other than penetration. We agree with the trial court that contact alone, between the sexual organ of the offender and the mouth, anus, or vagina of the victim, is sufficient to convict.
We agree with Dorch that if the statute were ambiguous the rules of statutory construction would require that the statute be construed against the State and in favor of the accused. However, the statute here is clear and unambiguous, and its application to the facts in this case is precisely that contemplated by the Legislature when adding the term "union with" to the statutory language.
AFFIRMED.
ERVIN, C.J., and ZEHMER, J., concur.