COBB, Judge.
The appellant, Glynn Hodak, contests his conviction for sexual battery on the basis that the trial court misconstrued section 794.011(1)(h), Florida Statutes (1987), in denying his motion for judgment of acquittal. That section defines the offense:
(h) The term “sexual battery” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
Hodak contends that there was no “credible testimony” that the victim’s vagina was penetrated, only that there was contact between his tongue and the victim’s vaginal area, and that the trial court made that factual finding of record (which is true). He relies on Furlow v. State, 529 So.2d 804 (Fla. 1st DCA 1988), wherein it was held that digital penetration of the victim’s vagina, rather than mere contact or union with the vagina by the defendant’s finger, was an essential element of sexual battery pursuant to the statutory definition quoted above.
We. agree with the state that Furlow is not applicable to the instant factual situation. The defendant’s tongue is encompassed by the word “oral” in the statute, and oral union with the sexual organ of another (the victim’s vagina in this case) is expressly proscribed by the statute. See Grunzel v. State, 484 So.2d 97 (Fla. 1st DCA 1986). The defendant’s finger, by contrast, falls into the category of “any other object,” as was the ease in Furlow.
The second point on appeal regarding the trial court’s instruction with respect to the sexual battery charge was not preserved for appeal, and, in any event, is without merit.
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.