642 So.2d 769 (1994)
Mark C. BOWDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2773.
District Court of Appeal of Florida, First District.
August 22, 1994.
Rehearing Denied October 12, 1994.
*770 Nancy A. Daniels, Public Defender, Paula S. Saunders, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Marilyn McFadden, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant Mark Bowden appeals from a judgment and sentence for capital sexual battery. He contends, in part, that the amended information on which he was convicted was insufficient as a matter of law. We affirm.
The initial information charged Bowden with committing a sexual battery on a two-year-old child "by union with his penis and the child's vagina." The case proceeded to discovery and trial. Two days after jury selection and a day before the trial commenced, the state, over a defense objection, amended the information to charge sexual battery on the two-year-old child by "union with his penis and her sexual organ or by penetrating her vagina with his finger(s)" (count I) and with unlawfully handling, fondling or making an assault in a lewd, lascivious or indecent manner upon S.J. by rubbing her sexual organ (count II).[1]
In defending his rationale for changing vagina to sexual organ in the amended information, the prosecutor stated, "I understand that initially the charge may have been inartfully drawn from a legal perspective. I have simply prevented him [appellant] from using a legal defense to the charging document itself." While the amended information is inartfully drawn, our review of Florida case law convinces us that this information does, in fact, charge sexual battery under the Florida statute.
Criminal statutes must be strictly construed, with any ambiguity resolved in favor of the defendant. § 775.021(1), Fla. Stat. Where an offense is defined by statute, the offense must be charged in the very language of the statute, or in language of equivalent import and nothing can be taken by intendment. See Gibbs v. Mayo, 81 So.2d 739, 740 (Fla. 1955); Catanese v. State, 251 So.2d 572, 574 (Fla. 4th DCA 1971). When a word is substituted for that used in the statute, the substituted word must necessarily be within the terms of the statute in order to charge an offense. Gibbs, 81 So.2d at 740. Where an information omits one or more of the essential elements of the crime, it fails to charge a crime under the laws of the state. State v. Gray, 435 So.2d 816 (Fla. 1983).
Section 794.011, Florida Statutes, gives the following definition for "sexual battery":
(1)(h) "Sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
Prior to 1974, the crime of rape in Florida was committed by "penetration of the female parts by the private male organ." § 794.01, Fla. Stat. (1973). The rape statute did not mention the word vagina. Effective October 1, 1974, the rape statutes were repealed and the legislature created the statutory crime of sexual battery. Although vagina is not defined in the statutes, medical dictionaries define it as "a musculomembrane tube which forms the passageway between the cervix uteri and the vulvae." Taber's Cyclopedia Medical Dictionary 783 (14th Ed. 1982); accord, Dorland's Illustrated Medical Dictionary 1433 (26th Ed. 1985). Given the strict medical definition of vagina, the only way the vagina could be reached is through penetration. However, the statute defining sexual battery provides for "vaginal penetration by, or union with, the sexual organ of another." § 794.011(1)(h), Fla. Stat. (e.s.). This court, in Dorch v. *771 State, 458 So.2d 357, 358 (Fla. 1st DCA 1984), has observed:
[I]t is clear that the Legislature intended that "union" mean something other than penetration... . [C]ontact alone, between the sexual organ of the offender and the mouth, anus, or vagina of the victim, is sufficient to convict.
It has further been observed, that:
The legislature kept the "private parts" concept of rape by specifying that sexual battery occurs upon "vaginal penetration by, or a union with, the sexual organ of another." The phrase "union with" continues the concept that any penetration by a male's private organ of any part of a female's private parts also constitutes a crime." Firkey v. State, 557 So.2d 582, 585 (Fla. 4th DCA 1989).
The foregoing observations indicate that although the term "vagina," may have a very definite medical meaning, the word as used in the statute is a term of art, which connotes "a female's private parts." Thus, where the male offender is charged with committing sexual battery by penile union or penetration, the statute is broad enough to contain within its prohibition penetration or union with the female victim's sexual organ. The sexual battery by an object other than the male organ, however, "occurs only if the victim's vagina is penetrated." Firkey, 557 So.2d at 585 (emphasis in original).
We are cognizant of the standard imposed upon the state in drafting a charging document. For this very reason we have included in this opinion directives given by our supreme court. We do not suggest that the amended information in this case is any sort of a model for charging sexual battery in Florida. Nonetheless, and in the absence of any showing that the defendant was not properly apprised of the factual basis for the charge against him, we conclude that the amended information did not wholly fail to charge the crime against the defendant. See Catanese v. State, 251 So.2d 572, 574 (Fla. 4th DCA 1971).
Florida Rule of Criminal Procedure 3.140(o) provides:
No indictment or information, or any count thereof, shall be dismissed or judgment arrested or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
Here, the information was not "so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense" and did not subject him to double jeopardy concerns. While the defense objected to the amendment to count I on the basis that it "throws an entirely different twist as to the defense in the case" and "[i]t more or less changes the charge against Mr. Bowden and effects [sic] the entire defense that we have planned," it is apparent that the objection was to the alternative allegation of digital penetration. The "change" referred to could have only been the addition of the digital penetration charge. The defense was well aware of the particulars with regard to the allegation of penile union; in fact, Bowden gave a taped pretrial statement admitting on one occasion, "rubbing my penis against her vagina." Accordingly, we AFFIRM the judgment and sentence.
ZEHMER, C.J., and KAHN and BENTON, JJ., concur.
NOTES
[1] The trial court granted Bowden's motion for acquittal as to count II.