656 So.2d 1323 (1995)
STATE of Florida, Appellant,
v.
Joseph Thomas PATE, Appellee.
No. 94-1353.
District Court of Appeal of Florida, Fifth District.
June 2, 1995.
Rehearing Denied July 14, 1995.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca Roark Wall, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Daisy G. Clements, Asst. Public Defender, Daytona Beach, for appellee.
COBB, Judge.
The state appeals from an order granting the defendant's motion for arrest of judgment on Count IV of the information.
*1324 The defendant was charged by fourth amended information with four counts of capital sexual battery (Counts I-IV) and one count of lewd and lascivious assault (Count V). In particular, Count IV charged that the defendant committed sexual battery upon a person less than 12 years of age by "causing his mouth to unite with the [victim's] vagina in violation of Florida Statute 794.011(2)."
At trial, the child victim testified that the defendant, her father, had been touching and rubbing her private area and that this had been going on for "a long, long time." Several incidents related by the child involved the defendant rubbing his penis on the victim's vagina. Other incidents concerned oral sex, which the child described as the defendant "put his mouth on my private and would suck on it," "would lick it." The child stated that what she calls her "front private" is really her vagina, and that her mother explained the facts of life to her. She recounted numerous occasions in which the defendant placed his mouth or tongue on her outer vagina (not in her vagina), touching her "skin to skin."
Dr. Saha, a pediatrician who works as part of the Child Protection Team, testified for the state. When the prosecutor asked Dr. Saha for the commonly accepted definition of the term "vagina," he testified that vagina "includes not only the internal part but the outer part, which is also called the vulva, which consists of labia majora, labia minora, and clitoris."
On cross-examination, defense counsel asked Dr. Saha if he agreed with the medical dictionary definition of vagina which defined it as a "muscular membrane tube which forms the passageway between the cervix, uteri, and the vulva." Dr. Saha agreed with the technical, medical definition. However, he added "But I think for practical purposes this entire area is referred to as the vagina." On re-direct examination, Dr. Saha again reiterated that "[t]he common, ordinary meaning of the vagina is the vulva, which is the outer part of the genitalia and the inner part of the genitalia, the birth canal."
The theory of defense as to Count IV rested on the defendant's claim that the term "vagina" has a technical, medical meaning. After the state rested, defense counsel moved unsuccessfully for a judgment of acquittal and argued that the state failed to prove union with the victim's "vagina" according to the technical, medical definition.
The jury returned verdicts of guilty of attempted capital sexual battery for Counts I and III,[1] and guilty as charged to Count IV, capital sexual battery and Count V, lewd and lascivious assault. The trial court sentenced the defendant to 15 years imprisonment on each of Counts I and III, and 10 years imprisonment for Count V, all to run concurrent to the life sentence with no chance for parole for 25 years which was mandatory for Count IV.
The defendant filed a motion for arrest of judgment and a motion for a new trial. The trial court held a hearing on the motions and defense counsel argued that the state had failed to prove capital sexual battery because the technical, medical definition of "vagina" is strictly limited solely to that area between the cervix and the vulva  the area commonly known as the birth canal. After hearing argument, the trial judge granted the motion for arrest of judgment as to Count IV. The order states that
the testimony of the victim and of the state's medical expert witness failed to prove that the defendant's mouth united with the victim's vagina as vagina is medically defined. The victim's testimony established that the defendant's oral contact with her was limited to her vulva, consisting of the labia majora and labia minora. As defined in Taber's Cyclopedic Medical Dictionary, 783 (14th ed. 1982), "neither the labia majora nor the labia minora are part of the vagina." Firkey v. State, 557 So.2d 582 (Fla. 4th DCA 1989). Therefore, the State has failed to specifically prove the allegation in the information that the Defendant's mouth united with the victim's vagina.
The order continues that for this reason "the Court finds that the Defendant was convicted *1325 of an offense for which the Defendant could not be convicted under the indictment or information under which the Defendant was tried." The state appeals and we reverse.
The state argues that the trial court erred in: (1) adopting a technical, medical definition of the term "vagina" when the legislature intended the term be given its commonly understood meaning, and (2) granting the motion to arrest judgment when the defendant failed to raise the issue pretrial by challenging the information.
The defendant responds that the trial court correctly relied on the medical definition of vagina and correctly concluded that under this definition, the evidence did not establish the offense charged in Count IV.
Section 794.011, Florida Statutes provides the following definition of "sexual battery":
(1)(h) "Sexual battery" means oral, anal or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.
Pursuant to this definition, the state is not required to prove penetration in order to establish a sexual battery. Rather, "oral... union with, the sexual organ of another ..." constitutes sexual battery.[2] The instant information charged union between the defendant's mouth and the victim's "vagina."
Vagina, as defined in medical dictionaries, is "a musculomembrane tube which forms the passageway between the cervix uteri and vulvae." Taber's Cyclopedia Medical Dictionary, 783 (14th Ed. 1982); accord Dorland's Illustrated Medical Dictionary, 1433 (26th Ed. 1985). Under this strict medical definition of vagina, the only way the vagina could be reached is by penetration. However, subsection 794.011(1)(h) speaks of "vaginal penetration by, or union with, the sexual organ of another." The First District has explained the term "vagina" in holding that contact alone between the defendant's penis and the child victim's vagina is sufficient to constitute capital sexual battery. Bowden v. State, 642 So.2d 769 (Fla. 1st DCA 1994), rev. denied, 651 So.2d 1192 (Fla. 1995); Dorch v. State, 458 So.2d 357 (Fla. 1st DCA 1984). In Bowden, the court explained:
This court, in Dorch v. State, 458 So.2d 357, 358 (Fla. 1st DCA 1984), has observed:
[I]t is clear that the Legislature intended that "union" mean something other than penetration... . [C]ontact alone, between the sexual organ of the offender and the *1326 mouth, anus, or vagina of the victim, is sufficient to convict.
It has further been observed, that:
The legislature kept the "private parts" concept of rape by specifying that sexual battery occurs upon "vaginal penetration by, or a union with, the sexual organ of another." The phrase "union with" continues the concept that any penetration by a male's private organ of any part of a female's private parts also constitutes a crime." Firkey v. State, 557 So.2d 582, 585 (Fla. 4th DCA 1989).
The foregoing observations indicate that although the term "vagina," may have a very definite medical meaning, the word as used in the statute is a term of art, which connotes "a female's private parts." Thus, where the male offender is charged with committing sexual battery by penile union or penetration, the statute is broad enough to contain within its prohibition penetration or union with the female victim's sexual organ.
642 So.2d at 770-771. See also Heuss v. State, 20 Fla. L. Weekly D660, ___ So.2d ___ [1995 WL 106305] (Fla. 4th DCA March 15, 1995).
This analysis of the term "vagina" is correct. To adopt the medical definition of vagina would mean there could never be "union" with the vagina without penetration. This would render the language of section 794.011(1)(h) illogical and absurd. Numerous capital sexual battery convictions have been upheld where the defendant is charged with placing his mouth and/or tongue in union with the child victim's vagina and the evidence established that the defendant either put his tongue or his mouth on, as opposed to in, the victim's vagina. See, e.g., Pineiro v. State, 615 So.2d 801 (Fla. 3d DCA 1993); Stone v. State, 547 So.2d 657 (Fla. 2d DCA 1989). In Hodak v. State, 555 So.2d 1326 (Fla. 5th DCA 1990), this court affirmed the defendant's conviction for sexual battery under section 794.011(1)(h) based upon evidence that there was contact between the defendant's tongue and the victim's "vaginal area." This court explained that:
The defendant's tongue is encompassed by the word `oral' in the statute, and oral union with the sexual organ of another (the victim's vagina in this case) is expressly proscribed by the statute.
555 So.2d at 1327. Accord Heuss v. State.
In Hodak, this court equated the term "sexual organ" with vagina.
This court distinguished the earlier decision of Furlow v. State, 529 So.2d 804 (Fla. 1st DCA 1988), relied on herein by the defendant, because it held that digital penetration of the victim's vagina, rather than mere contact or union with the vagina by the defendant's finger, had to be established. The defendant's finger, the court explained, falls into the category of "any other object" in subsection (1)(h) and mere contact or union with the vagina by such object does not constitute sexual battery.
Firkey v. State, 557 So.2d 582 (Fla. 4th DCA 1989), rev. denied, 574 So.2d 140 (Fla. 1990), also relied upon by the defendant, is likewise inapplicable. There the information charged capital sexual battery by "penetration of the vaginal folds of the (victim) by the fingers of (appellant)." The court, in reversing the conviction, explained:
We doubt whether the information as worded charged any recognized sexual battery crime. "Vaginal folds" is not the medical term. We assume the state meant the labia majora or the labia minora when wording the information. Neither the labia majora nor the labia minora are part of the vagina. A sexual battery by an object other than a sexual organ occurs only if the victim's vagina is penetrated.
* * * * * *
However, proof of mere "union with" the victim's vagina was insufficient because the state alleged penetration with fingers. § 794.011(1)(h), Fla. Stat. (1987).
557 So.2d at 584-585.
Again, the instant case is one wherein oral union with and not penetration of the vagina was charged. Count IV, in charging oral union with the victim's vagina, validly charged sexual battery and as the jury found, the evidence established such oral union. The order arresting judgment is reversed *1327 and the conviction and sentence entered on Count IV reinstated.
REVERSED.
GOSHORN and THOMPSON, JJ., concur.
NOTES
[1] The state dismissed Count II at trial.
[2] Prior to 1972, our rape statute, section 794.01, Florida Statutes (1971), provided:

[w]hoever ravishes and carnally knows a female of the age of ten years or more, by force and against her will, or unlawfully or carnally knows and abuses a female child under the age of ten years, shall be guilty of a capital felony, punishable as provided in section 775.082. It shall not be necessary to prove the actual emission of seed, but the crime shall be deemed complete upon proof of penetration only.
In 1972, the rape statute was made gender neutral and provided:
(1) Whoever of the age of seventeen years or older unlawfully ravishes or carnally knows a child under the age of eleven is guilty of a capital felony, punishable as provided in section 775.092.
(2) Whoever ravishes or carnally knows a person of the age of eleven years or more, by force and against his or her will, or unlawfully and carnally knows and abuses a child under the age of eleven years, shall be guilty of a life felony, punishable as provided in section 775.082.
(3) It shall not be necessary to prove the actual emission of seed, but the crime shall be deemed complete upon proof of penetration only.
See Ch. 72-724, Laws of Florida, § 7.
In 1974, the legislature repealed the rape statute and replaced it with the broader statutory crime of sexual battery.
The purpose in creating the crime of "sexual battery" was two-fold: to proscribe a crime of violence not so much as a crime of sex and to prohibit non-consensual sexual conduct not simply between persons of the opposite sex but also between persons of the same sex. State v. Smith, 401 So.2d 1126 (Fla. 5th DCA 1981). See also State v. Rider, 449 So.2d 903 (Fla. 3d DCA 1984). For this reason, the statutory definition of sexual battery was written so that "the offense can be committed by man against man, woman against woman, man against woman, and woman against man." Smith, 401 So.2d at 1127. Thus, the legislature did not specifically predicate the definition of "sexual battery" on a "victim" and "perpetrator." Rather, by use of the phrase "of another," the definition enjoys a certain flexibility.