FULMER, Acting Chief Judge.
In this appeal, James Green contends that he has been denied equal protection of the law because the sentencing guidelines provisions in sections 921.0011(7)(b) and 921.0014(l)(a), Florida Statutes (1997), which govern the scoring of victim injury points, treat male defendants differently than female defendants. Specifically, Green argues that adult male defendants who engage in sexual intercourse with a female victim under the age of sixteen are treated differently than adult female defendants who engage in sexual intercourse with a male victim under the age of sixteen in that adult male defendants are assessed eighty points for victim injury while adult female defendants are assessed only forty points. He further contends that these statutes are unconstitutionally vague because they have been applied in an arbitrary manner. We find no constitutional infirmity with the statutes and affirm.
As a result of having sexual intercourse with a female under the age of sixteen, Green was charged, pursuant to section 800.04(3)[1] with committing an act defined *912 as sexual battery upon a child under the age of sixteen years. Green pleaded no contest. Because Green penetrated the victim, eighty additional points were added to the sentencing scoresheet pursuant to sections 921.0011(7)(b) and 921.0014(l)(a).[2] In the trial court, Green argued that in a similar case pending for disposition in the same circuit, a female offender who had sexual intercourse with a male under the age of sixteen was to receive only forty points for sexual contact because the female did not penetrate the male. Green asked the trial court to treat him the same and score only forty points for contact, arguing that failure to do so would violate his right to equal protection of the law. The trial court denied his motion. Upon entry of his plea, Green reserved his right to appeal the trial court’s ruling on his equal protection challenge.
Green did not challenge the sentencing guidelines statutes on vagueness grounds in the trial court and, therefore, we decline to address the vagueness challenge he now makes for the first time on appeal. See Trushin v. State, 425 So.2d 1126 (Fla.1982)(constitutional application of a statute to a particular set of facts must first be raised at the trial level).
We begin our review of Green’s equal protection challenge by reiterating the long-standing doctrines that statutes are presumed to be constitutional and all reasonable doubts regarding the validity of a statute are to be resolved in favor of constitutionality. See State v. Kinner, 398 So.2d 1360 (Fla.1981); Gammon v. Cobb, 335 So.2d 261 (Fla.1976).
Section 921.0011(7) provides, in relevant part:
(a) “Victim injury” means the physical injury or death suffered by a person as a direct result of the primary offense, or any additional offense, for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense.
(b) Except as provided in paragraph (c) or paragraph (d),
1. If the conviction is for an offense involving sexual contact that includes sexual penetration, the sexual penetration must be scored in accordance with the sentence points provided under s. 921.0014 for sexual penetration, regardless of whether there is evidence of any physical injury.
Section 921.0014(l)(a) sets out the worksheets to be used in the computation of sentencing points and specifies the assessment of eighty points for sexual penetration and forty points for sexual contact.
Green argues on appeal that the term “sexual penetration” contained in these provisions is subject to arbitrary application based on the gender of the defendant because a male defendant is assessed eighty points for penetration for engaging in sexual intercourse while a female is assessed only forty points for engaging in sexual intercourse. Thus, Green argues, this disparity in the assessment of sentencing points constitutes a denial of equal protection of the law and violates the expressed principle of the Criminal Punishment Code that sentencing is neutral with respect to gender.[3]
As evidence of this disparate treatment, Grepn discussed, both in the trial court and in his brief on appeal, general facts regarding another pending case in which a female teacher, who was prosecuted for having sexual intercourse with a boy under the age of sixteen, was assessed only forty victim injury points for contact *913 and consequently faced a shorter sentence than Green received. We are unable to consider any of the facts of that case because the trial court did not take judicial notice of the case and, therefore, it is not part of the record before this court. This omission from the record is not fatal to our review because our review of Green’s challenge is one of statutory interpretation. The challenge Green raises presupposes that the statutes should be interpreted to require that in order for penetration points to be scored, the victim must be the person penetrated. We do not agree with Green’s interpretation.
The Legislature proscribed the crime of sexual battery in section 794.011(l)(h), which is the offense that both men and women commit when they have sexual intercourse with a child under the age of sixteen. Both males and females are subject to prosecution under this provision. The various ways that a sexual battery can be committed is discussed in detail in Richards v. State, 738 So.2d 415 (Fla. 2d DCA 1999). As we explained in Richards:
The statute prohibits:
(1) “Oral, anal, or vaginal penetration by the sexual organ of another.” Translation: It is illegal for a man to place his penis inside the mouth, anus, or vagina of a victim.
(2) “Oral, anal, or vaginal union with the sexual organ of- [the defendant].” Translation: It is illegal for a man to touch the mouth, anus or vagina of the victim with his penis, and it is illegal for a woman to touch the mouth, anus or vagina of the victim with her “sexual organ.”
(3) “Oral, anal, or vaginal union with the sexual organ of [the victim].” Translation: It is illegal for a man to touch the sexual organ of the victim with his mouth or anus, and it is illegal for a woman to touch the sexual organ of the victim with her mouth, anus, or vagina.
(4)“The anal or vaginal penetration of another by any other object.” Translation: It is illegal for a man or a woman to place any object inside the anus or vagina of the victim.
738 So.2d at 417-18 (emphasis added).
In the common practice of sexual intercourse, a male’s penis is placed inside the female’s vagina. Regardless of whether the male or female initiates the act, there is no question that the act of sexual intercourse involves “sexual contact that includes sexual penetration.” See § 921.0011(7)(b)(l). Thus, as Richards explains, if an adult male places his penis inside the vagina of a female under the age of sixteen, as did Green, he commits the crime of sexual battery. Likewise, if an adult female touches the sexual organ of a male under the age of sixteen with her vagina, she commits the crime of sexual battery. Both adults have committed an offense involving sexual contact.
The disparity about which Green complains comes into play when victim injury points are assessed pursuant to sections 921.0011(7)(b) and 921.0014(l)(a), Florida Statutes (1997). “In order to comply with equal protection requirements, a statute must treat all people within a class the same, and the division into classes must bear some reasonable relationship to a legitimate state objective.” Bloodworth v. State, 504 So.2d 495, 498 (Fla. 1st DCA 1987) (citations omitted). Neither section 921.0011(7)(b) nor 921.0014(l)(a), on its face, treats males differently than females. It is Green’s interpretation of these provisions that would result in the scoring of more victim injury points for a male than for a female and, arguably, violate the equal protection clauses of the Florida and Federal Constitutions. We acknowledge that these statutes are reasonably susceptible of Green’s interpretation. However, where a statute is reasonably susceptible of two interpretations, one of which would render it invalid and the other valid, we must adopt the consti *914 tutional construction.. See State v. Lick, 390 So.2d 52 (Fla.1980).
Section 921.0011(7)(b)l provides that “[i]f the conviction is for an offense involving sexual contact that includes sexual penetration, the sexual penetration must be scored in accordance with the sentence points provided under s. 921.0014 for sexual penetration, regardless of whether there is evidence of any physical injury.” We construe this provision to require the assessment of victim injury points regardless of whether it is the male or the female who commits the offense of sexual battery by the act of sexual intercourse because, as we previously observed, the act of sexual intercourse involves “sexual contact that includes sexual penetration.” Our interpretation is consistent with the interpretation placed upon the statute by the Fifth District in Dickinson v. State, 693 So.2d 55 (Fla. 5th DCA 1997). In the context of addressing whether fellatio is penetration for the purpose of scoring victim injury points, the Fifth District concluded that it is penetration and upheld the assessment of penetration points where the defendant performed fellatio on the victim as well as where the victim performed fellatio on the defendant.
Our interpretation of these statutes is buttressed by the fact that section 921.0011(7)(b) provides that penetration points are to be scored “regardless of whether there is evidence of any physical injury.” We read this provision to be a recognition that a person who is the victim of “sexual contact that includes sexual penetration” but who has suffered no physical injury has still been injured. Thus, the injury contemplated is one of psychological or emotional injury that must be taken into account in the imposition of sentence. Green’s interpretation of these statutes, which contemplates that the female defendant does not receive victim injury points for penetration, would require us to conclude that her male victim suffered no psychological or emotional injury. We do not believe that the Legislature intended such result.
Because we find sections 921.0011(7)(b) and 921.0014(l)(a), Florida Statutes (1997), to apply equally to both males and females, we find no constitutional infirmity. Accordingly, Green’s sentence is affirmed.
WHATLEY and DAVIS, JJ., Concur.

. Pursuant to sections 800.04(3) and (4), any person who commits an act defined as sexual battery under s. 794.01 l(l)(h) upon any child under the age of 16 years, commits a felony of the second degree.
Section 794.01 l(l)(h) provides: “'Sexual battery' means oral, anal, or vaginal pen *912 etration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose.”

, The fact that penetration occurred was established by the factual basis recited during the plea colloquy and is a fact that Green does not dispute.

. See § 921.002(l)(a), Fla. Stat. (1997).