PER CURIAM.
Japheth Peters challenges the order of the trial court summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Peters presented a facially sufficient claim that his plea was involuntarily entered because it was entered in reliance on the misadvice of counsel, and the attachments to the trial court’s order do not conclusively refute Peters’ claim. We reverse and remand for further proceedings.
Peters was charged by information with capital sexual battery. The State alleged that between January 31, 2000, and February 7, 2000, Peters digitally penetrated the victim’s vagina. Peters entered a negotiated plea to the lesser included offense of attempted capital sexual battery in exchange for ten years’ imprisonment followed by twelve years’ probation. The guidelines sentencing range was 78 months to 30 years in prison. In his motion, Peters claimed that his plea was involuntary because it was engendered by the erroneous advice of counsel that there was no viable defense to the charge and *1237 that, if he went to trial, he would be found guilty and receive a sentence in the range of thirty years’ imprisonment[1] to life imprisonment. In support of this claim, Peters alleged that there was no evidence that he digitally penetrated the victim’s vagina and that digital union with the vagina is not sufficient to establish the offense of capital sexual battery. He further alleged that trial counsel erroneously informed him that digital union with the vagina constitutes the offense of attempted capital sexual battery.[2] Peters alleged that, but for counsel’s misadvise, he would not have pleaded to the offense of attempted capital sexual battery but would instead have proceeded to trial. Peters has presented a facially sufficient claim that his plea was involuntarily entered based on the misadvise of counsel. See Rankin v. State, No. 2D01-3990, 861 So.2d 1222, 2003 WL 22927249 (Fla. 2d DCA Dec.12, 2003) (concluding that where a defendant, in a 3.850 motion, claims that his plea was involuntarily entered based on the misadvise of counsel, he .must allege that he would not have entered the plea had he been given the correct information).
The trial court denied the claim finding that even though “the victim’s statement wavered, ■ evidence existed to support the elements of capital sexual battery.” The trial court’s reasoning is erroneous. Although the victim’s statement indicated that Peters may have committed the offense of capital sexual battery, Peters claimed that his plea was involuntarily entered because counsel erroneously advised him, among other things, that there was no viable defense to the charges of capital sexual battery/attempted capital sexual battery and that he therefore should accept the State’s offer to plead to attempted capital sexual battery. The attachments to the trial court’s order show that there was a viable defense to the offenses of capital sexual battery and attempted capital sexual battery.
Under our current statute, sexual battery can occur when the defendant’s mouth has ‘union’ with the victim’s ‘sexual organ,’ but the’ defendant’s finger must actually ‘penetrate’ the vagina. If the defendant’s finger does not penetrate the vagina, but only touches the vulva, the crime would appear to be a lewd and lascivious act.
Richards v. State, 738 So.2d 415, 416 (Fla. 2d DCA 1999).[3] The Richards court held that “penetration requires some entry into the relevant part, however slight.” 738 So.2d at 418. The Richards court stated that, even if it were to concede that two definitions of vagina existed, it was “constrained to use the narrower, [We&sfer’s New World College Dictionary ] definition of vagina.” 738 So.2d at 419. “Webster’s New World College Dictionary ,.. defines vagina as: ‘in female mammals, the canal between the vulva and the uterus.’ See Webster’s New World College Dictionary 1472 (3d ed.1996).” Id.
*1238 In the present case, the attachments to the trial court’s order contained sworn statements that both Peters and the victim gave to the police. The victim gave the following statements:
Q. He, and he put his hand down uh ... and you said that he touched you. Was it on top of your skin or inside your private part?
A. Inside my (inaudible)
Q. Inside. And what part of his hand went inside your private part?
[[Image here]]
A. It was his fingers.
Q. Did they go inside of you?
A. No just like around.
[[Image here]]
Q. You know that if his, if his fingers were inside of you....
A. Yeah
Q. Was he moving them at that time or was it all staying still?
A. Kind of moving and kind of staying still.
Did he put his finger inside of you? O’
No. <!
Peters, in his statement to the police, admitted that he “opened [the victim] up” and rubbed her clitoris. He also stated: “And ... I know ... I don’t remember if I ... I didn’t penetrate her (inaudible).”
At best, the victim equivocated on whether Peters’ fingers went inside her “private part.” She certainly did not indicate that Peters’ finger or fingers penetrated her vagina, i.e., the canal between her vulva and her uterus. Webster’s New World College Dictionary defines clitoris as “a small sensitive erectile organ at the upper end of the vulva.” See Webster’s New World College Dictionary, 262 (3d ed.1996). If Peters’ illegal act was confined to opening the labia majora[4] of the victim and rubbing her clitoris,[5] then he did not commit the offense of capital sexual battery, but rather he committed a lewd and lascivious act. Thus, it would appear, from the attachments to the trial court’s order, that there was a viable defense to the charge of capital sexual battery.
“To establish an attempt to commit a specific crime, the State must prove a specific intent to commit that crime and an overt act toward the commission of the crime.” Neal v. State, 854 So.2d 666, 670 (Fla. 2d DCA 2003). To establish that Peters attempted to commit the charged offense of capital sexual battery, the State would have to prove that Peters intended to penetrate the canal between the victim’s vulva and her uterus with his finger or fingers and that he committed an overt act towards committing the crime. Based on the attachments to the trial court’s order, Peters could have presented a viable defense to the charge of attempted capital sexual battery on the basis that he had no specific intent to digitally penetrate the victim’s vagina and that he took no overt act towards doing so. Without any statements from Peters that he intended to digitally penetrate the victim’s vagina, it would be difficult for the State to prove an *1239 attempt in this case separate, from the actual commission of the charged offense.
Peters also alleged that counsel informed him that digital union with the vagina constituted the offense of attempted capital sexual battery. As this court explained in Richards, there is a difference between digital union with the vagina and digital penetration of the vagina. Aside from the fact that the attachments to the trial court’s order provide scant, if any, evidence of digital union with the vagina, digital union with the vagina does not constitute the offense of attempted capital sexual battery unless the State can prove that a defendant had the specific intent to penetrate the vagina.
Peters presented a facially sufficient claim that his plea was involuntarily entered based on the misadvise of counsel. The trial court erred when it summarily denied the claim based on the attachments to the trial court’s order. We reverse the order of the trial court and remand to the trial court to reconsider Peters’ claim in light of our opinion. If the trial court again summarily denies the claim, it shall attach those portions of the record which conclusively refute the claim. Otherwise, the trial court shall conduct an evidentiary hearing.
Reversed and remanded.
FULMER, CASANUEVA, and SILBERMAN, JJ., Concur. ,

. A conviction for capital sexual battery carries a mandatory sentence of life imprisonment. See §§ 794.01 l(2)(a), 775.082(1), Fla. Stat. (1999). Attempted capital sexual battery is a first-degree felony punishable by up to thirty years in prison. See §§ 794.01 l(2)(a), 777.04(4)(b), 775.082(3)(b) Fla. Stat. (1999).

. In his motion, Peters also presented a claim that counsel was ineffective for failing to investigate the case and for misadvising him regarding the elements of capital sexual battery and attempted capital sexual battery. However, this claim is subsumed by the claim that his plea was involuntarily entered, and we see no need to separately address it.

.Richards was interpreting the definition of sexual battery under the 1991 statutes. The definition of sexual battery remains the same in the 1999 statutes.

. Defined in Webster’s New World College Dictionary as “the outer folds of the skin of the vulva, one on either side.” Webster’s New World College Dictionary, 752 (3 ed.1996).

. Peters, if he could do so truthfully, could have established that he only rubbed the victim's clitoris and did not penetrate or attempt to penetrate the victim’s vagina by so testifying at trial. Furthermore, if the State introduced his statements to the police into evidence at trial, they would also tend to establish that there was no digital penetration or attempted digital penetration of the vagina.