ON MOTION FOR WRITTEN OPINION
PER CURIAM.
We grant the motion for written opinion and withdraw the previously issued decision, which affirmed without opinion, citing State v. Pate, 656 So.2d 1323 (Fla. 5th DCA 1995).
Appellant was convicted by jury of capital sexual battery and lewd or lascivious molestation of a young girl.[1] He contends that the evidence was insufficient to support the sexual battery conviction because his penis did not penetrate the victim’s “vagina,” as defined in the technical, medical sense — meaning just the passageway between the cervix and the vulva. We have previously held that the statute criminalizes “union” with the “vagina,” including, in this context, the entire vulva area and not just the passageway between the cervix and the vulva. Pate, 656 So.2d at 1326. No elaboration of our prior panel opinion is necessary. We acknowledge conflict with the Second District’s decision in Richards v. State, 738 So.2d 415 (Fla. 2d DCA 1999). Appellant made additional arguments in his initial brief, but his motion for written opinion is appropriately confined to this one issue. We affirm on all issues raised in the appeal without further discussion.
We deny Appellant’s motions for rehearing and certification of a question of great public importance.
AFFIRMED.
LAWSON and EVANDER, JJ., concur.
TORPY, J., concurs and concurs specially, with opinion.

. The trial court vacated the conviction for lewd or lascivious molestation, concluding that it had been subsumed in the sexual battery count.