DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NEEMIAS RAMIREZ RAMOS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1035

[June 5, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Barry Cohen, Senior Judge; L.T. Case No. 2015CF012487AXXXMB.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The importance of correctly instructing the jury on the elements of a crime is raised in this appeal of the defendant's conviction and sentence on two counts of sexual battery on a person less than twelve years of age. He argues, and we agree, that the court erred in its instructions to the jury. We reverse and remand the case for a new trial.

In an Amended Information, the State charged the defendant with two counts of sexual battery by "causing his penis to penetrate or have union with the ***butt*** of [the victim]." (Emphasis added). The Amended Information was unchallenged. The case proceeded to trial.

At trial, testimony revealed that the victim lived with her father and stepmother during the week and with her mother and her significant other—the defendant—on the weekend. When the stepmother picked the victim up from school following her weekend visit with her mother, she noticed the victim seemed sad and quiet. When she asked the victim if anything had happened and after some prodding, the victim began to cry

and told her the defendant had inappropriate contact with her. The victim was seven years old at the time.[1]

After talking to the victim, the stepmother told the father, who called the police. The next day the father and the stepmother took the victim to the clinic to be examined.

By the time of trial, the victim was ten years old. She had difficulty remembering things. Suffice it to say, the victim testified about the defendant's actions, but indicated the inappropriate contact was with her "butt." And, she was inconsistent in her description of what precisely happened.

The detective testified that he contacted the defendant immediately after the victim's child protection team ("CPT") interview. The defendant voluntarily went to the police station where the detective advised him he was not under arrest, was free to leave at any time, and read him his Miranda warnings. The defendant agreed to talk. The defendant initially denied any wrongdoing, but eventually admitted inappropriate contact. His testimony was inconsistent on precisely what happened.

The parties discussed the jury instructions with the court before proceeding to closing arguments. The defendant did not object to the State-prepared instructions but requested a lesser included offense instruction. Regarding the elements of the crime, the court instructed the jury that: "[The defendant] committed an act upon [the victim] in which the sexual organ of [the defendant] penetrated or had union with the **butt** of [the victim]." (Emphasis added). The instructions further defined union as contact.

The jury returned a guilty verdict on both counts. The court sentenced the defendant to life on both counts. From his conviction and sentence, the defendant now appeals.

The defendant first argues the trial court erred in instructing the jury on the elements of sexual battery by using the word "butt" rather than anus. He argues this amounted to fundamental error. The State responds the trial court did not fundamentally err in using the informal term "butt" rather than the statutory term anus because the totality of the circumstances showed the victim used "butt" to refer to her anus.

---

[1] Because the specific details of what occurred are unnecessary to our holding, we decline to include them in this opinion.

"'Generally speaking, the standard of review for jury instructions is abuse of discretion,' but that 'discretion, as with any issue of law is strictly limited by case law.'" *Krause v. State*, 98 So. 3d 71, 73 (Fla. 4th DCA 2012) (citation omitted). Where a party fails to object to the jury instructions, we must determine if the error is fundamental. *Barnett v. State*, 121 So. 3d 643, 646 (Fla. 4th DCA 2013).

The defendant did not object to the jury instructions during the charging conference. He only requested a lesser included offense. This relegates our review to fundamental error.

"Fundamental error is error that 'reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" *Krause*, 98 So. 3d at 73 (citation omitted). "[W]here the instruction pertains to a disputed element of the offense and the error is pertinent or material to what the jury must consider to convict," fundamental error occurs. *Haygood v. State*, 109 So. 3d 735, 741 (Fla. 2013).

Sexual battery is defined as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object . . . ." § 794.011(1)(h), Fla. Stat. (2015). "Union permits a conviction based on contact with the relevant portion of anatomy . . . ." *Richards v. State*, 738 So. 2d 415, 418 (Fla. 2d DCA 1999). In short, union means contact. *Tirado v. State*, 219 So. 3d 146, 149 (Fla. 4th DCA 2017).

Here, the Amended information alleged in both counts that the defendant committed sexual battery by "causing his penis to penetrate or have union with the ***butt*** of [the victim]." (Emphasis added). The information cited section 794.011, which does not use the term ***butt***.

The jury instructions tracked the language of the Amended information by using the term "***butt***"—rather than anus—and provided the following elements of sexual battery:

> 1. [The defendant] committed an act upon [the victim] in which the sexual organ of [the defendant] penetrated or had union with the ***butt*** of [the victim].
>
> 2. At the time of the offense, [the victim] was less than 12 years of age.
>
> 3. At the time of the offense, [the defendant] was 18 years of

age or older.

The instructions further defined union as contact. Significantly, the instructions did not define "butt" or specify that the defendant's act must involve contact with or penetration of the victim's anus.

A review of the record establishes that the issues of "union" and "penetration" were in dispute. It also reflects the victim's testimony that referred to her "butt" even though the defendant referred to the correct anatomical term in part of his statement to law enforcement. This made the distinction between "anus" and butt or buttocks critical to the jury's consideration of the defendant's guilt. Given the instruction, and the disputed factual issues, the jury was left to deliberate and convict the defendant based on conduct less than that required by statute for the crime of sexual battery and its consequent life sentence. This is fundamental error. *Haygood*, 109 So. 3d at 741. For this reason, we reverse.

*Reversed and remanded for a new trial.*

CIKLIN and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4