# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0516
_____

MARK C. BOWDEN,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Leon County.
Joshua M. Hawkes, Judge.

February 28, 2024

PER CURIAM.

Mark Bowden, whose judgment and sentence became final in 1995, appeals the circuit court's order dismissing his petition for writ of habeas corpus. Bowden's petition included a claim challenging the sufficiency of the evidence used to support his conviction. He also claimed that his confession should not have been admitted at his 1992 trial because it was obtained in violation of *Miranda*.

Bowden was charged in 1992 for capital sexual battery. The victim was two years old. After a jury trial, Bowden was found guilty and sentenced to life in prison. This court affirmed his direct appeal. *See Bowden v. State*, 642 So. 2d 769 (Fla. 1st DCA 1994).

In 2023, Bowden filed his habeas petition in the circuit court. As that court correctly expressed, Bowden's claims should have been raised on direct appeal or by a timely postconviction motion. Finding no error by the circuit court, we affirm. *See Baker v. State*, 878 So. 2d 1236, 1246 (Fla. 2004) (explaining that a trial court may dismiss, rather than transfer, a habeas petition when the petitioner seeks relief that "(1) would be untimely if considered as a motion for postconviction relief under rule 3.850, (2) raise claims that could have been raised at trial or, if properly preserved, on direct appeal of the judgment and sentence, or (3) would be considered a second or successive motion under rule 3.850 that either fails to allege new or different grounds for relief, or . . . that were known or should have been known at the time the first motion was filed."). Bowden's claim was not only untimely, it is also successive. *See Bowden v. State*, 109 So. 3d 1157 (Fla. 1st DCA 2013). Bowden raised the same sufficiency-of-the-evidence claim in the rule 3.850 motion he filed in 2009.

This is the third time Bowden has sought to collaterally attack his judgment and sentence in this Court. *See Bowden v. State*, 1D04-0688 (dismissing rule 3.850 motion for failure to file timely notice of appeal); *Bowden*, 109 So. 3d 1157 (affirming an order denying a rule 3.850 motion).

The court finds that this appeal is frivolous and refers Bowden to the Department of Corrections for sanctions. *See* § 944.279, Fla. Stat. (2023) (providing that "[a] prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal . . . is subject to disciplinary procedures pursuant to the rules of the Department of Corrections"); *Ponton v. Willis*, 172 So. 3d 574, 576 (Fla. 1st DCA 2015) (explaining that a *Spencer* order is not required before referring an inmate for disciplinary action under the statute based on a frivolous filing).

Bowden is warned that any future filings that this court determines to be frivolous or malicious may result in the imposition of further sanctions, including a prohibition against any future pro se filing in this court.

AFFIRMED.

ROWE, NORDBY, and LONG, JJ., concur.

2

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Mark C. Bowden, pro se, Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.